UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-295 (3) JRT/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MICHAEL S. CZICHRAY, Defendant. | UNITED STATES RESPONSE TO DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ERICKSON, DATED MAY 2, 2003 |

The United States of America, by and through its attorneys Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Erica H. MacDonald and John R. Marti, Assistant United States Attorneys, hereby submits the Government's Response to Defendant's Supplemental Objections to Report and Recommendation of Magistrate Judge Erickson, Dated May 2, 2003.

**BACKGROUND**[1]

The sole issue before this Court is whether the written statement given by defendant Czichray during the February 16, 2001 interview was voluntary. On December 13, 2001, a hearing was held before the Honorable Franklin L. Noel addressing, inter alia, the voluntariness of defendant Czichray's

[1]This memorandum will not again recite the facts related to the issue before the Court. The United States will rely on the facts as detailed by the Eighth Circuit in United States v. Czichray, 378 F.3d 822, 825 (8th Cir. 2004).

statements. (Noel R&R at 1.) On December 19, 2001, Magistrate Judge Noel issued his R&R, finding that the FBI agents' behavior "was not sufficiently overbearing to persuade the Court that Defendant was in custody **or that his will to resist was overborne**." (Id. at 10 (emphasis added).) Accordingly, Magistrate Judge Noel found that defendant Czichray's statements were "voluntarily given." (Id.)

After this Court suppressed the oral statements based on the fact that defendant Czichray was not advised of his Miranda rights prior to being interviewed, this Court addressed the issue of voluntariness of defendant Czichray's oral statements (which were the only statements at issue). United States v. Czichray, 2002 WL 54504, at *5 (D. Min. Jan. 7, 2002.) This Court found: "No evidence has been presented that the particular statements were coerced." Id. Accordingly, this Court determined that, notwithstanding the absence of Miranda warnings, defendant Czichray's oral statements were voluntary and admissible for purposes of impeachment. (Id.)

In November 2002 and January 2003, this case came before Magistrate Judge Raymond L. Erickson for a motions hearing related to the health care fraud case filed against defendant

Czichray and three others. (Erickson R&R at 8-9.) As did Magistrate Judge Noel, Magistrate Judge Erickson found that defendant "Czichray's statements were voluntarily made." (Id. at 73.) In so finding, Magistrate Judge Erickson explained:

> For reasons we have already addressed, in considerable detail, we are not persuaded that Czichray's will was improperly overborne by the interrogating officers. To be sure, Czichray felt some degree of pressure to cooperate, but he is an adult, businessperson who, while apparently not experienced in matters of criminal justice, must still be held, by his training, and experience, to some appreciation of the plain language of the Agents, who interrogated him, and who advised him, repeatedly, that his cooperation could end at any time. Nothing had been offered to show a level of coercion consistent with an overborne will, and our findings are wholly to the contrary. Czichray does not offer evidence that he was ill, unable to comprehend the circumstances for one reason or another, or indisposed to decline the Agents' request for cooperation.

(Id.)

Defendant Czichray objected, and this Court determined that defendant Czichray's written statement must be suppressed because it was obtained in violation of Miranda. (Aug. 22 Order at 38.) This Court did not address the issue of voluntariness. (Id.)

On appeal, the Eighth Circuit reversed, finding defendant Czichray was not in custody and, therefore, Miranda

warnings were not required. Czichray, 378 F.3d at 830. With respect to the issue of custody, the Eighth Circuit explained:

> Against a backdrop of repeated advice that he was free to terminate the interview, Czichray's decision not to terminate the interview and to allow the interview to proceed to its closing suggests an exercise of free will, rather than restraint to a degree associated with formal arrest.

Id. at 828.

Defendant Czichray now asks this Court to suppress his written statement, claiming the statement was involuntary. This Court should reject Czichray's claim. As Magistrate Judge Noel and Magistrate Judge Erickson found, as this Court found with respect to the oral statements, and as the Eighth Circuit very strongly hinted, defendant Czichray's written statement was the product of his own free will and, thus, voluntary.

## ANALYSIS

"A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." United States v. Brave Heart, 397 F.3d 1035, 1040 (8th Cir. 2005) (citing United States v. LeBrun, 363 F.3d 715, 719 (8th Cir. 2004 (en

banc))). A statement is not involuntary simply because it is the product of interrogation. As the Eighth Circuit has explained:

> [I]nterrogation of a suspect will involve some pressure because its purpose is to elicit a confession. . . 'Numerous cases have held that questioning tactics such as a raised voice, deception, or a sympathetic attitude on the part of the interrogator will not render a confession involuntary unless the overall impact of the interrogation caused the defendant's will to be overborne.'

United States v. Astello, 241 F.3d 965, 967 (8th Cir.), cert. denied, 121 S. Ct. 2621 (2001) (quoting Jenner v. Smith, 982 F.2d 329, 334 (8th Cir. 1993), cert. denied, 510 U.S. 822).

To determine whether a defendant's will has been overborne, the court must "examin[e] the totality of the circumstances, including both the conduct of law enforcement in exerting pressure to confess on the defendant and the defendant's ability to resist that pressure." Id. (citing Astello, 241 F.3d at 967); United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995)). The court "cannot find that a statement was involuntary unless it is established that law enforcement officials engaged in coercive activity." United States v. Bordeaux, 400 F.3d 548, (8th Cir. 2005).

In this case, the totality of the circumstances establishes that defendant Czichray's written statement was voluntarily given. As Magistrate Judge Erickson correctly found, there is no evidence of unlawful coercion consistent with an overborne will. (Erickson R&R at 73.) Defendant Czichray voluntarily participated in the interview. He never asked the agents to leave and he never stated he wished the interview to be over, despite repeated advice that he could do so. Defendant Czichray participated in the interview of his own free will and, while he now regrets that decision, the statements he made during the interview were voluntary.

Defendant Czichray argues that his inexperience with the criminal justice system supports a finding that his statement was involuntary. What he does not address, however, is that he is an experienced and educated adult. Defendant Czichray was a Doctor of Chiropractic Medicine licensed by the State of Minnesota, who had practiced for several years prior to opening several small businesses. He had repeated contact with and participated in interviews with insurance companies and their investigative agents. (Def. Pindyck Exs. 2 & 5.) Defendant Czichray was an independent and mature businessman who was aware of the FBI's investigation prior to February 16,

2001. (Vol. V at 38.) He merely made a decision to cooperate with the FBI when confronted with substantial evidence of his guilt, a decision he now regrets.

Defendant Czichray also argued that the fact that he was not advised of his Miranda rights supports a finding that his statement was involuntary. The Eighth Circuit has flatly rejected such an argument, explaining:

> Nor did the officers coerce [the defendant] by neglecting to advise him of his Miranda rights. The Supreme Court created the Miranda warnings as a palliative for the inherently coercive atmosphere of a custodial interrogation. [The defendant] was not in custody at the time of his questioning and so was not entitled to be informed of his Miranda rights. To hold that the officers coerced [the defendant] by failing to advise him of these rights would be to hold that [the defendant] was coerced because he was not given something that he did not need. We reject the argument.

Bordeaux, 400 F.3d at 561.

Defendant Czichray's argument that his will was overborne by the FBI's alleged threats should also be rejected. Law enforcement does not coerce a defendant by stating they will continue their investigation if a defendant does not cooperate. United States v. Pelton, 835 F.3d 1067, 1072-73 (4th Cir. 1987), cert. denied, 486 U.S. 1010 (1988); United States v. Jones, 32 F.3d 1512, 1517 (11th Cir. 1994) (confession voluntary despite agent's suggestion that

defendant's girlfriend would be considered a suspect unless suspect cooperated). Such investigation may be "uncomfortable" for a defendant but is "hardly coercive." Pelton, 835 F.3d at 1073.

It is true that the FBI agents advised defendant Czichray of some of the evidence they had with respect to his guilt. Contrary to defendant Czichray's suggestions, however, confrontation of a suspect with evidence of guilt is not coercion which renders a statement custodial or involuntary under the Fifth Amendment. United States v. Cody, 114 F.3d 772, 776 (8th Cir. 1997); United States v. Moreno-Flores, 33 F.3d 1164, 1170 (9th Cir. 1994).

The facts in this case are much less favorable to Czichray than the facts in United States v. Helmel, 769 F.2d 1306 (8th Cir. 1985), and United States v. Axsom, 289 F.3d 496 (8th Cir. 2002). In Helmel, the court found a statement voluntary when an agent telephoned the suspect and requested that he come home. When the defendant arrived, he was searched and ordered into the kitchen where he was escorted by several agents. Agents then answered all incoming calls, and interrogated the defendant over several hours. Under these facts, the Eighth Circuit stated that even when agents

> answered all incoming telephone calls while the search and interview progressed, . . . we fail to see how this created a coercive atmosphere. . . . [W]hile the search of the residence "added some

> coercive aspects, all official questioning ... has some coercive aspects." . . . [W]e consider it significant that Glick was specifically informed by the agents that he was not under arrest. The circumstances surrounding Glick's interview, when considered in light of established precedent, indicate that Glick was not in custody at the time of his admissions.

In Axsom, federal agents executed a search warrant on a residence in the early morning. When the defendant arrived at the door, he was wearing only a towel. Nine federal agents and other employees entered the residence and directed the defendant to secure the defendant's dogs outside. The agents also saw numerous weapons.

Once the dogs and weapons were secured, the agents directed the defendant to sit down, told him they had a search warrant, and informed him that he was not under arrest. Only after the defendant agreed to speak with the agent did the federal agents escort the defendant to the bedroom to dress.

After dressing, the defendant returned to the living room and sat down on an easy chair across from the agents. When the defendant requested a glass of water, the agents did not allow the defendant to get a glass of water but had other agents bring him water. When the defendant expressed a need to use the bathroom, agents escorted him for security reasons.

The execution of the search warrant took approximately two hours. After the interview, and while the agents continued their search, the defendant moved about his

residence, answered the telephone, and smoked his pipe. The agents maintained control of the defendant's movements around the residence based on security concerns. The Eighth Circuit found that under those circumstances (certainly presenting a more compelling situation than the facts in this case) the defendant's statements were voluntary and non-custodial.

The circumstances in this case are much less favorable to the defendant than those facts for the defendants in Axsom and Helmel where the Eighth Circuit found both interviews voluntary. In light of this precedent, Czichray's statements, both oral and written, should not be suppressed.

## CONCLUSION

In sum, the totality of the circumstances establishes that defendant Czichray's participation in the interview was "an exercise of free will." Czichray, 378 F.3d at 829. There was no unlawful coercion. Accordingly, defendant Czichray's motion to suppress his written statement should be denied.

Dated: July 25, 2005

Respectfully submitted,

ROBERT M. SMALL
United States Attorney

s/John R. Marti
BY: JOHN R. MARTI
Assistant U.S. Attorney

s/Erica H. MacDonald
BY: ERICA H. MACDONALD
Assistant U.S. Attorney