UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CR. 02-295 (JRT/RLE)

---

United States of America,

Plaintiff,

v.

Michael S. Czichray,

Defendant.

**DEFENDANT'S REPLY TO UNITED STATES RESPONSE TO DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ERICKSON, DATED MAY 2, 2003**

---

Defendant, Michael S. Czichray, through and by his counsel, Peter B. Wold, hereby submits his Reply to United States Response to Defendant's Supplement Objections to the Report and Recommendation of Magistrate Judge Raymond L. Erickson, dated May 2, 2003.

## REPLY

The government's reply offers nothing new. The cases relied on are easily distinguishable.

The first case offered by the government is United States v. Bordeaux, 400 F.3d 548 (8th Cir. 2005). The government contends Bordeaux stands for the proposition that the fact that Mr. Czichray was not advised of his Miranda rights has nothing to do with whether the agents coerced Mr. Czichray. (Gov. Brief p. 7). However, the United States Supreme Court disagreed with the government's position in Davis v. North Carolina, 384 U.S. 737, 740 (1966), when Justices Warren and Brennan stated,

> On the contrary, that a defendant was not advised of his right to remain silent or of his right respecting counsel at the outset of interrogation, as is now required by Miranda, is a significant factor in considering the voluntariness of statements later made.

Similarly, the government's reach outside of this Circuit to the Fourth Circuit is also misplaced. Citing for support United States v. Pelton, 835 F.2d 1067 (4th Cir. 1987), the government claims Agent Boylan's threats to stop insurance payments, investigate Mr. Czichray's father, and to "light up his life" constitute nothing more than an announcement that "they will continue their investigation." (Gov. Brief pp. 7-8). But, when the facts of Pelton, are compared to this case, the government's reliance is grossly suspect. In Pelton, the FBI threats amounted to nothing more than the "assertion that the FBI would conduct a full scale investigation if he did not cooperate." Pelton, 835 F.2d at 1072. The Fourth

Circuit rightly observed, "truthful statements about Pelton's predicament are not the type of 'coercion' that threatens to render a statement involuntary." Id. at 1073. But, Agent Boylan's statements went beyond the truthful and ended as threats; threats to Mr. Czichray's livelihood, his father, his life. As this Court has already concluded,

> . . . [T]he question of strong arm tactics remains a close one. The agents did not threaten Czichray with force or display any weapons, but in addition to the promise to "light up" Czichray's life, they suggested that if he did not cooperate, the FBI would pressure insurance companies to withhold payments from his business. . . . . [T]he court finds Czichray's testimony on this point credible. Strong arm tactics need not be confined to threats of force, and the Court finds that the agents' threats to interfere with insurance payments went too far. See Griffin, 922 F.2d at 1351. Therefore, the Court finds that these threats do constitute strong arm tactics.

(JRT Order II at 35).

As for United States v. Cody, 114 F.3d 772 (8th Cir. 1985) and United States v. Moreno-Flores, 33 F.3d 776 (9th Cir. 1994), the issue in Cody, was whether the defendant's right to cut off custody questioning was scrupulously honored, Cody, 114 F.3d at 775, and Moreno-Flores, concerned the issue of whether a post-arrest statement was "not the product of interrogation." Moreno-Flores, 33 F.3d at 1168. Both cases offer little guidance for the issue at hand.

With respect to United States v. Helmel, 769 F.2d 1306 (8th Cir. 1985), as

this Court has already observed, "Czichray's case is markedly different."

> The restrictions upon Czichray on February 16, 2001 were not limited to answering the phone; he was not permitted free access to the phone at all. Helmel merely held that the agent's answering of the phone did not create a coercive atmosphere. …Significantly, in Helmel, about half of the calls to the defendant's residence were for the FBI agent. Id. at 1320.

(JRT Order II at 31-31, n. 11). This Court concluded in relation to Boylan's restriction of Mr. Czichray's phone use,

> [i]f Czichray's cooperation was truly voluntary, there was no need to control his access to the telephone. If Czichray's cooperation was not coerced, he should have been free at any time to phone a friend or family member and tell them that he was being questioned by the FBI. The agents' zealous efforts to keep Czichray away from telephones demonstrate that he had no such freedom. The restriction imposed by Boylan and Bisswurm are inconsistent with voluntary cooperation.

(JRT Order II at 31).

Finally, there is United States v. Axsom, 289 F.3d 496 (8th Cir. 2002). A case, which once again this Court has already addressed,

> Even the Magistrate Judge noted that in one case he cites, Axsom, the defendant was far more obliging than Czichray was in this case. In Axsom, the government was "friendly and cooperative during the interview," and even telephone following the interview to commend the FBI agents for their professionalism, stating that "I done something that was illegal." Axsom, 289 F.3d at 502.
>
> The common threat in these instances of voluntary acquiescence is an effort to assist in the investigation and an

> acknowledgment of responsibility that goes above and beyond a mere absence of resistance. The Magistrate Judge acknowledge that Czichray was not an "enthusiastic participant" in the interview, but found that he voluntarily acquiesced because he "made no attempt to terminate the interview directly or indirectly," and allowed the interview "to proceed to its closing." (R&R at 64). Czichray certainly did not resist the agents' questioning, but in the Court's view this does not rise to the level of active cooperation that the Eighth Circuit has found to constitute "voluntary acquiescence" for the third Griffin factor.

(JRT Order II at 34.)

The government has offered nothing of substance to counter the conclusion that the statement written by Agent Boylan is anything but the product of coercion. The statement is tainted and should be suppressed.

Respectfully Submitted,

Dated: August 1, 2005.

**PETER B. WOLD, P.A.**

**s/ Peter B. Wold**
Peter B. Wold, ID# 118382
Attorney for Defendant
Barristers Trust Building
247 Third Avenue South
Minneapolis, MN 55415
Telephone: 612.341.2525
Facsimile: 612.341.0116