**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CZICHRAY,<br><br>Defendant. | Criminal No. 02-295(3) (JRT/RLE)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE ON DEFENDANT'S MOTION TO SUPPRESS** |

John R. Marti and Erica H. MacDonald, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for plaintiff.

Peter B. Wold, **WOLD LAW OFFICE**, 247 Third Avenue South, Minneapolis, Minnesota 55415, for defendant Czichray.

Defendant, along with three co-defendants, has been indicted for conspiracy, false statements, and fraud in connection with a health fraud investigation conducted by the Federal Bureau of Investigation ("FBI"). On May 2, 2003, United States Magistrate Judge Raymond L. Erickson issued a Report and Recommendation addressing several pre-trial motions and recommending, *inter alia*, denial of defendant's motion to suppress statements made to the FBI on February 16, 2001. This Court overruled the recommendation of the Magistrate Judge, finding that defendant was subjected to custodial interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). On appeal by the government, the Eighth Circuit determined that the interview was not custodial and that his statements did not need to be suppressed on that ground, and remanded the case to this Court for further proceedings. This matter is now before the

Court on defendant's supplemental objections to the Report and Recommendation, asserting that defendant's statements were not voluntarily made and should therefore have been suppressed. The Court has conducted a *de novo* review of the objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court overrules the objection.

The facts underlying this issue have been exhaustively presented in several report and recommendations, opinions by this Court and the Eighth Circuit's recent opinion. As such, they will not be reiterated here. In this motion, defendant argues that the coercive nature of the agents' actions during the interview rendered his signature of the written statement involuntary and, therefore, inadmissible.

The test for determining whether a confession is voluntary is "whether, in light of the totality of the circumstances, pressures exerted upon the suspect have overborne his will." *United States v. Merirovitz*, 918 F.2d 1376, 1379 (8th Cir. 1990). "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." *United States v. Brave Heart*, 397 F.3d 1035, 1041 (8th Cir. 2005) (quoting *United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir. 2004)). In making such a determination, the Court "examin[es] the totality of the circumstances, including both the conduct of law enforcement in exerting pressure to confess on the defendant and the defendant's ability to resist that pressure." *Id.*

In its opinion addressing the custodial nature of the interview, the Eighth Circuit pointed to the agents' statements that defendant was free to terminate the interview as "powerful evidence that a reasonable person would have understood that he was free to

terminate the interview." *United States v. Czichray*, 378 F.3d 822, 826 (8th Cir. 2005). Additionally, the Circuit determined that "placing certain ground rules on an interview," such as the restrictions on defendant's use of the telephone and movement around the home, "does not preclude a reasonable person from foregoing the interview altogether. *Id.* at 828. Furthermore, the court discounted the coercive effect of the agents' "threats" to "light up [defendant's] world." *Id.* at 829. Finally, the court stated: "Against a backdrop of repeated advice that he was free to terminate the interview, Czichray's decision not to terminate the interview and to allow the interview to proceed to its closing suggests an exercise of free will." *Id.*

Although the Court remains concerned about the heavy-handedness of Agent Boylan's tactics and actions, in light of the above determinations by the Circuit, it cannot find on this record that defendant's statements were involuntary.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 169] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 114]. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to suppress confessions or statements in the nature of confessions [Docket No. 65] is **DENIED**.

DATED: August 25, 2005
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge