UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR. NO.: 02-295(03) (JRT/RLE) |
| Plaintiff, | ) | |
| | ) | **POSITION OF THE PARTIES** |
| v. | ) | **WITH RESPECT TO** |
| | ) | **SENTENCING FACTORS** |
| MICHAEL CZICHRAY, | ) | |
| | ) | |
| Defendant. | ) | |

* * *

Defendant, Michael Czichray, by and through his counsel, Peter B. Wold, Esq., respectfully submits this position pleading with respect to sentencing factors.

**Bank Fraud**

Mr. Czichray objects to the loss calculation of $193,000.00 in case number 01-CR-307 (Bank Fraud). Mr. Czichray contends that if not for the investigation and indictment in case number 02-CR-295 (Health Fraud) he would have been able to continue to meet his monthly obligations to Wells Fargo Bank. At the time of his conviction in the bank fraud case Mr. Czichray was current on all payments. It was only as a result of the bank fraud conviction and health care investigation that payments for services, already performed by Twin Cities Open MRI, were stopped. Affectively put out of business, Mr. Czichray was unable to collect on his accounts receivable and stay current on his obligation to Wells Fargo Bank. The PSR

recognizes this series of events and suggests that the circumstances surrounding the loss amount in the bank fraud case warrant a downward departure—a recommendation Mr. Czichray adopts.

**Health Fraud**

Mr. Czichray objects to the $402,000 loss computation contained in the PSR. Specifically, Mr. Czichray objects to Paragraphs 37-41 in their entirety. The methodology, underlying assumptions, conclusions, and accuracy of the audit referenced in these paragraphs are flawed. In order to demonstrate that the "estimate" of a presumed 49% denial rate—based on an "independent medial examination" performed at the direction of the insurance companies—is not an accurate reflection of the loss amount, the defendants have retained Joel Wulff, a former executive director of the Minnesota Board of Chiropractic Examiners and a licensed chiropractor, who performs code reviews for the insurance industry. Dr. Wulff's review of the audit is nearing a final draft. Generally speaking it concludes that the audit performed by out of state Registered Nurses with limited Chiropractic knowledge is invalid for the following reasons:

1) The audit is based on the faulty assumption that all patient visits billed following an Independent Medical Exam recommendation for cutoff are fraudulent.

2) The audit is erroneous because it has an overly broad definition of "fraud". For instance, Dr. Wulff takes issue with the government auditor's contention that patient visits that went beyond the timelines contained in certain chiropractic standards was fraudulent.

3) The auditors reach erroneous conclusions because they make faulty assumptions relative to some of Defendants' record keeping, e.g. sign in sheets, bubble sheets and dates of service sheets.

4) The auditors erroneously rely on treatment protocols established by the Minnesota Chiropractic Association's Standards of Practice in arriving at their conclusions of fraud. Dr Wulff points out that the treatment protocols over all are designed to be indicators of when treatment should be questioned, not when it should have been completed.

To ensure an accurate loss amount is arrived at Mr. Czichray joins his co-defendants' requests that a hearing on this issue be held. Defendants contend that the government cannot meet its burden of proving this loss. Defendants will provide the government with Dr. Wulff's final report in advance of the date set for the sentencing hearing. Defendants intend to call Dr. Wulff and anticipate that his direct testimony will take approximately one hour.

Finally, Mr. Czichray intends to make downward departure motion based in

part on the PSR's recommendation and on additional factors. Specifically, Mr. Czichray will take issue with the government's characterization of him as a chiropractor who sought to make money through fraud and deceit. Mr. Czichray was a new chiropractor when he started working with the defendants. And while he worked with the defendants for a number of years in the end he quit working with the defendants—prior to knowledge of the ongoing health fraud investigation—and started a new business on his own; a business that has never been accused of committing health care fraud. To hold him responsible for the entire loss amount as calculated by the government does not match with Mr. Czichray's part in this case.

Respectfully submitted,

PETER B. WOLD, P.A.

Dated: September 27, 2006.

s/ Peter B. Wold

Peter B. Wold, ID #118382
Attorney for Defendant
Barristers Trust Building
247 Third Avenue South
Minneapolis, MN 55415
Telephone: 612.341.2525
Facsimile: 612.341.0116