UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA, Criminal No.: 02-295(3) (JRT/RLE)

Plaintiff,

v.

**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

MICHAEL CZICHRAY,

Defendant.

## MOTION

Michael Czichray, by and through his attorney, Peter B. Wold, hereby moves this Court for a downward variance from the recommended Sentencing Guidelines sentence. In support of this request Mr. Czichray submits the following:

In United States v. Booker, 543 U.S. 220, 244 (2005), the Supreme Court ruled that mandatory application of the Guidelines based on judicially-found facts violated defendants' Sixth Amendment rights. In the remedial portion of the opinion, the Court directed lower courts to determine the reasonableness of sentences by looking to the enumerated factors of § 3553(a); Booker, 543 U.S. at 261. Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence

imposed," taking into account "respect for the law," "just punishment for the offense," and the need for deterrence, public safety; (3) "the kinds of sentences available"; (4) the Guidelines sentence; (5) policy statements of the Sentencing Commission; (6) the avoidance of unwarranted sentencing disparity; and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); See also United States v. Wadena, --- F.3d ---, 2006 WL 3511789 (8th Cir.).

Perhaps it is because of cases like Mr. Czichray's that the Supreme Court gave sentencing discretion back to Judges. The cold one size fits all sentencing calculation espoused by the Sentencing Guidelines simply does not represent Mr. Czichray or his case. Six years ago Mr. Czichray found himself before this Court starting the first of what would be two federal prosecutions. Now he stands before this Court for the last time accepting responsibility for what he has done.

In 1996, Mr. Czichray was a young naïve chiropractor just out of school. He started working at Midwest Chiropractic clinic. Inexperience with billing methods and the insurance world left him reliant on others. His reliance led him to make mistakes. Mistakes he is responsible for.

Following his Indictment Mr. Czichray has lived a model life. He has been removed from the health care profession and will never return. He has a new life, a new family. He works hard to support his daughter. Probation—house arrest—will allow Mr. Czichray to continue to contribute to his family. The last years have

proven Mr. Czichray will continue to conform to society's rules and be a productive member of society. See United States v. Floyd, 738 F. Supp. 1256, 1259 n. 5 (D. Minn. 1990).

Mr. Czichray's offenses are not likely to be repeated. See United States v. Big Crow, 898 F.2d 1326 (8th Cir. 1990) (holding downward departures are appropriate when the particular facts of the case show that the offense committed involved behavior that is not likely to be repeated). There will be no sentencing disparity with probation. Mr. Czichray is a felon. He will wear that badge for the rest of his life. Never to practice health care again. Scrutinized on every loan application. He has paid his debt to society. The passage of time and positive steps Mr. Czichray has taken since his indictment warrant probation.

Respectfully submitted,

PETER B. WOLD, P.A.

Dated: January 3, 2007.

s/ Peter B. Wold

Peter B. Wold, ID #118382
Attorney for Defendant
247 Third Avenue South
Minneapolis, MN 55415
Phone: 612-341-2525
Fax: 612-341-0116